## Kurtzberg v. Fox et al.

*Felix & Felix*, for petitioners; *Maurice G. Weinberg*, for respondent.

SMITH, P. J., October 11, 1933.—This is a rule to show cause why the sci. fa. sur claim issued in the above-entitled case and notice served upon the defendants previous to the issuance of the sci. fa. sur claim should not be stricken off.

The American Stores Company, in order to have a spacious store at the southeast corner of Slocum Street and Germantown Avenue, had rented the first floors of two adjacent buildings, to wit, premises 6753 Germantown Avenue, owned by Mae E. MacLaughlan and Claire Jeannette Shoemaker, and premises 6751 Germantown Avenue, owned by Wm. H. H. Fox and Anna E., his wife. The first floors of these two adjacent properties were combined, and Charles M. Greenwood, a contractor, was engaged for the purpose of improving the premises and making certain alterations therein. One of the subcontractors, Harry Kurtzberg, claimant in the above-entitled proceedings, as a result of a certain dispute between him and the contractor, started the above proceedings in order to obtain a mechanic's lien in the sum of $116. Said Harry Kurtzberg did certain plumbing work in the American store occupying the first floor of the above designated premises, 6751-6753 Germantown Avenue. He thereupon fused his action against both owners, making it indefinite and uncertain as to what his claim is against either.

Section 1 of the Mechanics' Lien Act of 1901, P. L. 431, provides that the word "owner" means an owner in fee, a tenant for life or years, or having any interest or estate in the property described in the claim, etc. In this case, the owner of each property has no interest in the other. It is true that each one is leasing the entire first floor of his property to a tenant of the other owner, but that does not give either such an interest in the property of the other owner as to class him as an owner of the other property. The contract between the claimant and the general contractor may be for work done on both properties, but it would not be equitable to charge the owner of property "A" for work done on property "B", or to charge his property with a lien for work done on the other. The fact that a tenant has entered into a lease to occupy both properties when work is completed does not give to the owner of either "A" or "B" any ownership in the other property. Each has an ownership in his distinct structure. The

lien given by law to the mechanic for work done and materials furnished about the construction of a building or other improvement is a lien on the particular structure. In this case, there are two particular structures belonging to different owners. The claimant may have a lien against each structure but not against both as one. He must apportion his claim against each owner for the work done on his particular structure. This he has failed to do.

### Decree

And now, to wit, October 11, 1933, the rule to show cause why the sci. fa. sur claim issued in the above-entitled case and notice served upon the defendants previous to the issuance of the sci. fa. sur claim should not be stricken off is made absolute.